DAVID J. GALLO *(California Bar No. 127722)*
**LAW OFFICES OF DAVID J. GALLO**
12702 VIA CORTINA, SUITE 500
DEL MAR, CALIFORNIA  92014
Telephone: (858) 509-3652
Facsimile: (858) 509-3717
E-mail: djgsan@aol.com

MEGAN A. RICHMOND *(California Bar No. 170753)*
**RICHMOND & RICHMOND LAW OFFICES**
9255 TOWNE CENTRE DRIVE, SUITE 500
LA JOLLA, CALIFORNIA 92121
Telephone: (858) 622-7878
Facsimile: (858) 622-0411
E-mail: mrichmondlaw@bigplanet.com

Attorneys for Plaintiff, MARY ROSALES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ROSALES, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a legal subdivision of the State of California,<br><br>    Defendant. | Civil Action Number:<br>**11-cv-09423 R**<br><br>**COLLECTIVE ACTION**<br>**(Title 29, U.S.C., § 216(b).)**<br><br>―――――――――――<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES**<br><br>―――――――――――<br><br>Hearing date:    19 NOV. 2012<br>Hearing time:    11:00 a.m.<br>Judge: HON. MANUEL L. REAL |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES**

# TABLE OF CONTENTS

**PAGE**

I.     INTRODUCTORY STATEMENT.................................................................1

II.    PLAINTIFF IS ENTITLED TO RECOVER HER REASONABLE
       ATTORNEYS' FEES........................................................................1

III.   THE AMOUNT OF PLAINTIFF'S REQUEST IS REASONABLE..............4

       A.    General Principles Governing Awards of Attorneys' Fees....................4

             1.    Time and labor required.................................................8

             2.    Novelty and difficulty of the questions involved........................8

             3.    Skill requisite to perform the legal service
                   properly.........................................................9

             4.    Preclusion of other employment due to acceptance of the case....9

             5.    The customary fee....................................................9

             6.    Whether the fee is fixed or contingent.......................................10

             7.    Time limitations imposed by the client or the circumstances.....12

             8.    Amount involved and the results obtained................................12

             9.    Experience, reputation, and ability of the attorneys...................15

             10.   The "undesirability" of the case.................................16

             11.   Nature and length of the professional relationship with the
                   client..........................................................16

             12.   Awards in similar cases............................................16

       B.    Fees Incurred in Relation to the Unsuccessful Motion........................16

CONCLUSION.................................................................................20

CERTIFICATE OF ELECTRONIC SERVICE......................................................21

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF
ATTORNEYS' FEES

1

## TABLE OF AUTHORITIES

PAGE

2

## CASES

3

*Adams v. Inter-Con Security Systems,* 242 F.R.D. 530 (N.D.Cal. 2007)...................6

4

*Barrentine v. Arkansas-Best Freight System, Inc.,*
5  450 U.S. 728; 101 S.Ct. 1437; n.16; 67 L.Ed.2d 641 (1981)....................................14

6  *Berry v. Sonoma County,* 791 F.Supp. 1395 (N.D.Cal. 1992),
*reversed on unrelated grounds,* 30 F.3d 1174 (9th Cir. 1994)..................................12

7

*Bonnette v. Cal. Health & Welfare,* 704 F.2d 1465 (9th Cir.1983).....................12, 13

8

*Brooklyn Savings Bank v. O'Neil,*
9  324 U.S. 697; 65 S.Ct. 895; 89 L.Ed. 1296 (1945)...................................................13

10  *Cabrales v. County of Los Angeles,* 935 F.2d 1050 (9th Cir. 1991)..........................17

11  *Cho v. Koam Medical Services, P.C.,* 524 F.Supp.2d 202 (E.D.N.Y. 2007).............13

12  *Christensen v. Stevedoring Services of America,* 557 F.3d 1049 (9th Cir. 2009)......10

13  *City of Burlington v. Dague,*
505 U.S. 557; 112 S.Ct. 2638; 120 L.Ed.2d 449 (1992).......................4, 5, 10, 11, 16
14
*City of Riverside v. Rivera,*
15  477 U.S. 561; 106 S.Ct. 2686; 91 L.Ed.2d 466 (1986)............................................12

16  *Cox v. Brookshire Grocery Co.,* 919 F.2d 354 (5th Cir. 1990)..................................13

17  *Davis v. County of Los Angeles,* 1974 WL 180 (C.D.Cal. 1974)................................7

18  *Erdman v. Cochise County, Arizona,* 926 F.2d 877 (9th Cir. 1990)...........................2

19  *Fegley v. Higgins,* 19 F.3d 1126 (6th Cir. 1994).......................................................13

20  *Garcia v. Resurgent Capital Services, L.P.,* 2012 WL 3778852 (N.D.Cal. 2012)....13

21  *Haworth v. State of Nevada,* 56 F.3d 1048 (9th Cir. 1995)..............................1, 4, 5, 7

22  *Heder v. City of Two Rivers,* 255 F.Supp.2d 947 (E.D.Wis. 2003)...........................13

23  *Hensley v. Eckerhart,* 461 U.S. 424; 103 S.Ct. 1933; 76 L.Ed.2d 40 (1983)....4-7, 17

24  *Hodgson v. Miller Brewing Co.,* 457 F.2d 221 (7th Cir. 1972)..................................13

25  *Hoffman-La Roche, Inc. v. Sperling,*
493 U.S. 165; 110 S.Ct. 482; 107 L.Ed.2d 480 (1989)..............................................4
26
*Holyfield v. F.P. Quinn & Co.,* 1991 WL 65928 (N.D.Ill. 1991)..............................13

27

28

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

1

## TABLE OF AUTHORITIES
### (Continued)

2
                                                                        **PAGE**

3   *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975),
    *certiorari denied,* 513 U.S. 875; 115 S.Ct. 203; 130 L.Ed.2d 134 (1994)..............7, 8

4

5   *Ketchum v. City of Vallejo,* 523 F.Supp.2d 1150 (E.D.Cal. 2007).............................8

    *Ketchum v. Moses* (2001), 24 Cal.4th 1122; 104 Cal.Rptr.2d 377...........................11
6

7   *Maddrix v. Dize,* 153 F.2d 274 (4th Cir. 1946)...........................................17

8   *McElmurry v. U.S. Bank National Association,* 495 F.3d 1136 (9th Cir. 2007)..........6

    *Morgado v. Birmingham-Jefferson County Civil Defense Corps,*
9   706 F.2d 1184 (11th Cir. 1983)......................................................12

10  *Nusom v. COMH Woodburn, Inc.,* 122 F.3d 830 (9th Cir. 1997)................................2

11  *Shelton v. Ervin,* 830 F.3d 182 (11th Cir. 1987)...........................................1

12  *Van Gerwin v. Guarantee Mutual Life Company,*
    214 F.3d 1041 (9th Cir. 2000)...............................................10, 16
13

14  *Yue Zhou v. Wang's Restaurant,* 2007 WL 2298046 (N.D.Cal. 2007).....................17

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES**

# TABLE OF AUTHORITIES
### (Continued)

**PAGE**

## STATUTES

Title 29, U.S.C., Sections 201, *et. seq.*
a/k/a "Fair Labor Standards Act of 1938, as amended", a/k/a "FLSA"............*passim*

Title 29, U.S.C., Section 207......................................................................3

Title 29, U.S.C., Section 207(a)(2).............................................................3

Title 29, U.S.C., Section 216(b)..............................................................1, 3

Title 29, U.S.C., Section 255(a)...............................................................12

Title 42, U.S.C., Section 1988.................................................................12

## REGULATIONS

Title 29, C.F.R., § 785.11........................................................................8

Title 29, C.F.R., § 785.13........................................................................8

## RULES OF COURT

Rule 68, Fed,R.Civ.P................................................................................1

## OTHER AUTHORITY

Leubsdorf, The Contingency Factor in Attorney Fee Awards
(1981) 90 Yale L.J. 473........................................................................11

Posner, Economic Analysis of Law (4th ed.1992)....................................11

[CLA2-MPA FEES_cover.wpd]

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES**

## I.  INTRODUCTORY STATEMENT

Plaintiff, Mary Rosales **(hereinafter "Rosales" and/or "Plaintiff"),** was previously employed as a Social Worker by Defendant, the County of Los Angeles **(hereinafter the "County", and/or "Defendant").**  Plaintiff's sole claim for relief sought unpaid overtime compensation and was asserted under the Fair Labor Standards Act of 1938, as amended **(hereinafter the "FLSA"),** codified at Title 29, U.S.C., Sections 201, *et. seq.*

The County offered judgment pursuant to Rule 68, Fed.R.Civ.P., and Plaintiff timely accepted.  (*See,* Document Number 51.)  This Court entered the compromise judgment on 2 October 2012.  (*See,* Document Number 52.)

The offer of judgment, and the judgment entered thereon, leave the issue of the amount of attorneys' fees to be awarded to be determined by this Court.  Plaintiff now moves for recovery of attorneys' fees to which she is entitled pursuant to Title 29, U.S.C., Section 216(b).

By the instant Motion, Plaintiff seeks to recover the attorneys' fees reasonably and necessarily incurred by her in the sum of $214,825.75.

## II.  PLAINTIFF IS ENTITLED TO RECOVER HER REASONABLE ATTORNEYS' FEES

Plaintiff anticipates that it will be undisputed that she is entitled to recover a reasonable attorneys' fee in addition to the $85,000.00 face amount of the judgment. Defendant's offer of judgment stated that it was inclusive of "costs", but was silent as to attorneys' fees.[1]  It is established within this Circuit that an offer of judgment must be interpreted to provide for a post-judgment motion for attorneys' fees unless

---

[1]      Attorneys' fees recoverable under the FLSA do not constitute "costs". *See, Haworth v. State of Nevada,* 56 F.3d 1048, 1051 (9th Cir. 1995).  ("The FLSA statute defines attorney fees separately from costs.")  *See also, Shelton v. Ervin,* 830 F.3d 182, 184 (11th Cir. 1987).

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES – PAGE 1

the offer of judgment "clear[ly] and unambiguous[ly]" states that the amount of the judgment offered is inclusive of attorneys' fees.  *See, Nusom v. COMH Woodburn, Inc.,* 122 F.3d 830, 832 and 833 (9th Cir. 1997), *citing, inter alia, Erdman v. Cochise County, Arizona,* 926 F.2d 877, 880 (9th Cir. 1990).  Any, "... ambiguities [in the offer of judgment] are construed against the offeror."  *Nusom,* 122 F.3d, at 833, *citing, Erdman,* 926 F.2d, at 880-881.

Extrinsic evidence, in the form of e-mail communications between the parties' counsel, establishes that Plaintiff is entitled to recover her reasonable attorneys' fees in addition to the $85,000.00 face amount of the judgment.  *Cf.: Erdman,* 926 F.2d, at 880.  ("[E]xtrinsic evidence [is admissible] to clarify [any] ambiguities as to the intended meaning of material terms."  [Citation omitted.])  The e-mail to which the offer of judgment was attached states, *inter alia:*

> "[T]his Offer does not include an amount for attorney's fees.  As such, if Plaintiff accepts this Offer ... you will be free to apply for your attorney's fees via a motion to the Court."

(*See,* e-mail of 18 September 2012, authenticated at Paragraph 20 of the Gallo Declaration, and reproduced within Exhibit "A" thereto.)

Upon receipt of Defendant's offer of judgment and the accompanying e-mail, Plaintiff's counsel wrote to Defendant's counsel and inquired as follows:

> "Does Defendant's Second Offer of Judgment offer $85,000 + attorneys' fees in an amount to be determined by the Court on post-judgment motion?  Would Defendant not contest Plaintiff's entitlement to fees, but only (potentially) the amount that the Court should award?"

(*See,* e-mail of 18 September 2012, authenticated at Paragraph 20 of the Gallo Declaration, and reproduced within Exhibit "A" thereto.)

///

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES – PAGE 2**

Defendant responded thusly:

> "[T]he Offer we submitted contemplates you making a motion for fees in addition to the $85,000 specified in the Rule 68 Offer.  While **the County will not dispute that you are entitled to a reasonable attorney's fee** (as that is the legal standard) ..., we will likely oppose the amount of fees you request (especially if you are going to ask for fees associated with certification issues, we have not seen the three firms' billing statements, etc.)"

(*See,* e-mail of 19 September 2012 [emphasis added], authenticated at Paragraph 20 of the Gallo Declaration, and reproduced within Exhibit "A" thereto.)

Plaintiff's entitlement to recover her reasonable attorneys' fees arises from Title 29, U.S.C., Section 216(b), which provides, *inter alia:*

> "Any employer who violates the provisions of ... section 207[2] of this title shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation, ... and in an additional equal amount as liquidated damages.  ...  An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) ... **The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.**"

*See,* Title 29, U.S.C., Section 216(b).  (Emphasis added.)

///

///

///

---

[2]    The payment of overtime compensation is prescribed by Title 29, U.S.C., Section 207(a)(2).

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES – PAGE 3**

## III.   THE AMOUNT OF PLAINTIFF'S REQUEST IS REASONABLE

Plaintiff requests an award of $214,825.75.  The amount of this request results from the following numbers of hours of services performed by the following counsel, at the following rates:

| | | | | |
|---|---|---|---|---|
| Gallo: | 174.75 hours @ | $495 = | $86,501.25 |
| Richmond: | 187.30 hours @ | $450 = | $84,285.00 |
| Papaefthimiou: | 84.60 hours @ | $425 = | $35,955.00 |
| Paralegals: | 43.70 hours @ | $185 = | $ 8,084.50 |
| **Total:** | | | **$214,825.75** |

This request is supported by detailed declarations from each attorney, detailing his or her qualifications and experience, as well as the nature of the services performed, and the time expended therein.  (*See,* Gallo Declaration, Richmond Declaration, and Papaefthimiou Declaration, *passim*)

Plaintiff anticipates that the issues to be determined by the Court are: (a) whether some tasks should not be compensated because they were performed in relation to Plaintiff's unsuccessful *Hoffman-La Roche*[3] motion for "conditional certification" of this action as a collective action; and (b) the reasonableness of the fees incurred by Plaintiff as to matters for which the Court will award compensation.

### A.   General Principles Governing Awards of Attorneys' Fees

The seminal case on awards of attorneys' fees authorized by federal fee-shifting statutes is the Supreme Court's decision in *Hensley v. Eckerhart,* 461 U.S. 424; 103 S.Ct. 1933; 76 L.Ed.2d 40 (1983).  "The 'case law construing what is a "'reasonable'" fee applies uniformly' to ***all*** federal fee-shifting statutes."  *Haworth v. State of Nevada,* 56 F.3d 1048, 1051 (9th Cir. 1995), *quoting, City of Burlington v. Dague,* 505

---

[3]     *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165; 110 S.Ct. 482; 107 L.Ed.2d 480 (1989).

U.S. 557, 562; 112 S.Ct. 2638, 2641; 120 L.Ed.2d 449 (1992).   (Emphasis by Plaintiff.)   (*Haworth* applied this uniformly-applicable case law to a claim for attorneys' fees under the FLSA.)  *Cf.: Hensley,* 461 U.S., at 433 n.7; 103 S.Ct., at 1939 n.7.  ("The standards set forth in [the *Hensley*] opinion are generally applicable in ***all*** cases in which Congress has authorized an award of fees to a 'prevailing party'."  [Emphasis added.])

The starting point for fee awards is the lodestar, *viz.:* "... the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,* 461 U.S., at 433; 103 S.Ct., at 1939.  The court is to deduct from the lodestar calculation any hours that the court concludes were not "reasonably expended". *Hensley,* 461 U.S., at 434; 103 S.Ct., at 1939.

> "The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence.  **[The Supreme Court has] established a 'strong presumption' that the lodestar represents the 'reasonable' fee** ..."

*City of Burlington v. Dague,* 505 U.S., at 562; 112 S.Ct., at 2641.  (Emphasis added; citation omitted.)

> "A request for attorney's fees should not result in a second major litigation.  Ideally, of course, litigants will settle the amount of a fee.  Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.  The applicant should exercise 'billing judgment' with respect to hours worked, ... and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."

*Hensley,* 461 U.S., at 437; 103 S.Ct., at 1941.

Once the court has determined the lodestar, the court is to take into account, "...

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES – PAGE 5**

other considerations that may lead the district court to adjust the fee upward or downward ...” *Hensley,* 461 U.S., at 434; 103 S.Ct., at 1940.   These other considerations include, “... the important factor of the ‘results obtained’ ...”, as well as whether, “...  the plaintiff achieve[d] a level of success that [made] the hours reasonably expended a satisfactory basis for making a fee award.” *Hensley,* 461 U.S., at 434; 103 S.Ct., at 1940.

> “[T]he district court has discretion in determining the amount of a fee award.  ...  It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award. When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.”

*Hensley,* 461 U.S., at 437; 103 S.Ct., at 1941.

Notably, in the case at bar, Plaintiff prevailed on her sole claim for relief, and obtained a substantial recovery – a result which can only be characterized as excellent. Of signal importance, Defendant had complete control over the timing of its offer of judgment, and could have made it at any time in these proceedings.[4] If Defendant had done so, even if the offer of judgment had not been accepted, it could have cut off post-offer fees.  Thus, the duration of this litigation, and the amount of the fees

---

[4]      Defendant could have issued its offer of judgment at any time – even prior to this Court’s ruling on Plaintiff’s *Hoffman-La Roche* motion for “conditional certification”.  Unlike a class action, an FLSA collective action is ***not*** a representative action.  *See, McElmurry v. U.S. Bank National Association,* 495 F.3d 1136, 1139 (9th Cir. 2007).  A *Hoffman-La Roche* motion is merely a procedural motion that seeks issuance of notice of pendency of the FLSA action and permits additional plaintiffs to join the action as a group action.  *Cf.: Adams v. Inter-Con Security Systems,* 242 F.R.D. 530, 533 (N.D.Cal. 2007) (referring to, “... motion for approval of ... Hoffmann-La Roche notice ...”).

**MEMORANDUM IN SUPPORT OF PLAINTIFF’S MOTION FOR AWARD OF ATTORNEYS’ FEES – PAGE 6**

1    incurred by Plaintiff, were both within the control of Defendant.

2           As the Supreme Court wrote in *Hensley:*

3    "Where a plaintiff has obtained excellent results, his attorney should

4    recover a fully compensatory fee.  **Normally this will encompass <u>all</u>**

5    **hours reasonably expended on the litigation**, and indeed in some cases

6    of exceptional success an enhanced award may be justified. In these

7    circumstances **the fee award should not be reduced simply because**

8    **the plaintiff failed to prevail on <u>every</u> contention raised in the**

9    **lawsuit.**"

10   *Hensley,* 461 U.S., at 435; 103 S.Ct., at 1940, *citing, Davis v. County of Los Angeles,*

11   1974 WL 180 (C.D.Cal. 1974).  (Gray, J.)  (Emphasis by Plaintiff.)  In the case at bar,

12   Plaintiff prevailed on each and every issue, with the sole exception of her *Hoffman-La*

13   *Roche* motion.

14          In making an FLSA fee award in this Circuit, a court should refer to the Ninth

15   Circuit's decision in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975),

16   *certiorari denied,* 513 U.S. 875; 115 S.Ct. 203; 130 L.Ed.2d 134 (1994).  *See,*

17   *Haworth v. State of Nevada, supra,* 56 F.3d, at 1051.  *Kerr v. Screen Extras Guild*

18   holds that the following factors are to be considered:

19   "(1) the time and labor required, (2) the novelty and difficulty of the

20   questions involved, (3) the skill requisite to perform the legal service

21   properly, (4) the preclusion of other employment by the attorney due to

22   acceptance of the case, (5) the customary fee, (6) whether the fee is fixed

23   or contingent, (7) time limitations imposed by the client or the

24   circumstances, (8) the amount involved and the results obtained, (9) the

25   experience, reputation, and ability of the attorneys, (10) the

26   'undesirability' of the case, (11) the nature and length of the professional

27   relationship with the client, and (12) awards in similar cases."

28

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF**
**ATTORNEYS' FEES – PAGE 7**

1    *See, Kerr v. Screen Extras Guild,* 526 F.2d, at 70.

2

3    **1.    Time and labor required.**

4    The accompanying declarations of counsel establish in detail not only the time

5    which was necessary to expend in this matter, but also the tasks performed.   The

6    accompanying   declarations   of   counsel   establish   that   the   time   expended   was

7    reasonable, and that the services rendered were reasonably necessary.

8

9    **2.    Novelty and difficulty of the questions involved.**

10   The issues presented by this litigation have been both novel and difficult.

11   Plaintiff's claim in this action was for recovery of "unauthorized overtime" worked

12   "off the clock".   As more fully set out in Plaintiff's Memorandum of Contentions of

13   Fact and Law (filed 22 September 2012, as Document Number 45), the law applicable

14   to such a claim is derived from a complex body of case law, statute, and regulation.

15   In particular, the regulations applicable to claims for recovery of "unauthorized

16   overtime" worked "off the clock" are obscure, such that there is a dearth of

17   interpretive decisional law.  (*See, ex rel.,* Plaintiff's Memorandum of Contentions of

18   Fact and Law, at 10:19 to 12:26, *citing,* Title 29, C.F.R., §§ 785.11 - 785.13.)  One

19   major problem of proof that Plaintiff faced arose from the fact that much of Plaintiff's

20   work was performed away from Defendant's business premises because Plaintiff was

21   assigned to conduct "home visits" with IHSS Program recipients, and because

22   Plaintiff (like all of her co-workers) was instructed to "telecommute" (*i.e.,* work from

23   her home) one day per week.  (*See, ex rel.,* Defendant's Memorandum of Contentions

24   of Fact and Law, filed 24 September 2012, as Document 46, at 2:9-15.)  This unique

25   problem of proof also fed directly into Defendant's assertion that it could not, in the

26   exercise of reasonable diligence, have discovered that Plaintiff was working the

27   unauthorized overtime hours.  *Cf.: Ketchum v. City of Vallejo,* 523 F.Supp.2d 1150,

28

1  1163 (E.D.Cal. 2007).  This unique problem of proof was exacerbated by the fact that

2  Defendant has consistently contended that the knowledge of Plaintiff's immediate

3  superior, a "Supervisory Social Worker", or "SSS", was not imputable to the County.

4  (*See, ex rel.,* Defendant's Memorandum of Contentions of Fact and Law, filed 24

5  September 2012, as Document 46, at 2:28 to 3:16, and at 5:12-21.)

6

7          **3.      Skill requisite to perform the legal service properly.**

8          Inherent in pre-trial settlements is the fact that the trial court will not have had

9  the opportunity to observe counsel's trial advocacy skills.  However, the quality of the

10  written work product which the Court reviewed in connection with Plaintiff's

11  *Hoffman-La Roche* motion (Plaintiff's only unsuccessful effort in this case) provides

12  the Court with a basis to evaluate the skill possessed by Plaintiff's counsel.

13          The novelty and difficulty of the issues presented by this litigation (discussed

14  above) establishes that substantial skill was in fact required for Plaintiff's counsel to

15  obtain the excellent result which was ultimately obtained herein.

16

17          **4.      Preclusion of other employment due to acceptance of the case.**

18          Each attorney who participated in the representation of the Plaintiff is a busy

19  litigation practitioner, and was precluded from other employment by reason of his/her

20  representation of the Plaintiff herein.  (*See,* Gallo Declaration, at ¶ 13; *see also,*

21  Richmond Declaration, at ¶ 11.)

22

23          **5.      The customary fee.**

24          The hourly rates charged by each attorney who participated in the

25  representation of the Plaintiff are usual and customary, and are at or below the current

26  market rates charged by attorneys of similar skill and experience. (*See,* Gallo

27  Declaration, at ¶¶ 4-16, 26-27; *see also,* Papaefthimiou Declaration, at ¶¶ 2-11; *see*

28

*also,* Richmond Declaration, at ¶¶ 2-14.)  These hourly rates are:

| Attorney | Education | Years Experience | Hourly Rate |
|----------|-----------|------------------|-------------|
| Gallo | U. of Texas at Austin | 26 | $495 |
| Richmond | U. of San Diego | 18 | $450 |
| Papaefthimiou | U. of San Diego | 7 | $425 |
| Paralegals | U. of San Diego | | $185 |

(*See,* Gallo Declaration, at ¶¶ 5, 6, 14, 23-27; *see also,* Papaefthimiou Declaration, at ¶¶ 3, 11; *see also,* Richmond Declaration, at ¶¶ 3-5, 12.)  It is noted that Plaintiff's counsel, Mr. Gallo, is one of the only approximately one hundred (100) attorneys designated by the State Bar of California as a Legal Specialist in Civil Trial Advocacy (out of more than 174,000 active members).  (*See,* Gallo Declaration, at ¶ 8.)  It is further noted that Plaintiff's counsel, Ms. Richmond, has successfully represented plaintiffs in more than twenty (20) FLSA actions, and that the fees awarded her in each of those cases was at her full hourly rate.  (*See,* Richmond Declaration, at ¶ 7.)

### 6.    Whether the fee is fixed or contingent.

Plaintiff's counsel have represented Plaintiff on a contingency basis. (*See,* Gallo Declaration, at ¶ 17; *see also,* Richmond Declaration, at ¶ 15.)

Recent Ninth Circuit panel decisions omit the contingency-risk factor from the list of factors to be considered.  *See, e.g., Christensen v. Stevedoring Services of America,* 557 F.3d 1049, 1053 (9th Cir. 2009), *citing, Van Gerwin v. Guarantee Mutual Life Company,* 214 F.3d 1041, 1045, n.2 (9th Cir. 2000).  This results from language in the Supreme Court's decision in *City of Burlington v. Dague, supra,* which has been interpreted to hold that, under federal fee-shifting statutes, "... the contingency nature of a fee cannot be considered as a factor bearing on the amount of attorney's fees."  *See, Van Gerwin,* 214 F.3d, at 1045, n.2, *citing, inter alia, City of Burlington v. Dague.*

In the case at bar, the County has always denied that it has any liability whatsoever on Plaintiff's claim.  Although the County waited until two months before trial to issue its offer of judgment, this Court was not called upon to rule upon the merits of any claim or defense asserted herein.  Accordingly, Plaintiff's counsel's contingency representation in this action was never assured to bear fruit, and Plaintiff's counsel assumed the risk that they would never receive compensation for their services.

As Judge Posner of the Seventh Circuit has noted:

> "**A contingent fee must be higher than a fee for the same legal services paid as they are performed.** The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services.  The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans."

*See,* Posner, Economic Analysis of Law (4th ed.1992) pp. 534, 567, *ex rel., Ketchum v. Moses* (2001), 24 Cal.4th 1122*,* 1132-1133; 104 Cal.Rptr.2d 377, 384.  (Emphasis by Plaintiff.)  As another commentator has written:

> "A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions.  If he is paid no more, competent counsel will be reluctant to accept fee award cases."

*See,* Leubsdorf, The Contingency Factor in Attorney Fee Awards (1981) 90 Yale L.J. 473, 480, *ex rel., Ketchum v. Moses,* 24 Cal.4th, at 1132-1133, 104 Cal.Rptr.2d, at 384.  (Emphasis by Plaintiff.)

Prior to the Supreme Court's decision in *City of Burlington v. Dague,* at least four Courts of Appeals had held that, in addition to enhancement of compensation for contingency risk, a court should enhance compensation due to the delay between the

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES – PAGE 11

dates on which services were provided, and the time the attorneys actually receive payment. *See, Morgado v. Birmingham-Jefferson County Civil Defense Corps,* 706 F.2d 1184, 1194 (11th Cir. 1983), citing and quoting decisions of three other Courts of Appeals. In the case at bar, just over one year will have elapsed between the commencement of this action, and the date on which the instant Motion will be heard.

### 7.   <u>Time limitations imposed by the client or the circumstances.</u>

FLSA claims for unpaid overtime are governed by a relatively short, two-year statute of limitations, except that, where the plaintiff can prove that the violation was willful, a three-year limitations period will apply. (*See,* Title 29, U.S.C., Section 255(a).)

### 8   <u>Amount involved and the results obtained.</u>

There is no "proportionality" criterion applicable to fee awards under federal fee-shifting statutes. *Cf.: City of Riverside v. Rivera,* 477 U.S. 561, 574; 106 S.Ct. 2686, 2694; 91 L.Ed.2d 466 (1986). ("We reject the proposition that fee awards under [Title 42, U.S.C.,] § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers.") This rule has been applied to FLSA cases by at least one Ninth Circuit panel. *See, Bonnette v. Cal. Health & Welfare,* 704 F.2d 1465, 1473 (9th Cir.1983) (affirming award of $100,000.00 in fees in FLSA case in which the amount recovered was $20,000.00). *See also, Berry v. Sonoma County,* 791 F.Supp. 1395, 1424 (N.D.Cal. 1992), *reversed on unrelated grounds,* 30 F.3d 1174 (9th Cir. 1994). ("This court concludes that the amount of the fee award is not tied to the amount of damages – this works both ways – it could mean either that the fee award could be the greater or lesser of the two.")

"[P]roportionality between fees and damages is not required. [Citation.]

'To hold otherwise would in reality prevent individuals with relatively

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES – PAGE 12**

1    small claims from effectively enforcing their rights.' *Hodgson v. Miller*
2    *Brewing Co.,* 457 F.2d 221, 228-229 (7th Cir.1972).  And '[g]iven the
3    nature of claims under the FLSA, it is not uncommon that attorneys fee
4    requests will exceed the amount of the judgment in the case.' *Holyfield*
5    *v. F.P. Quinn & Co.,* No. 90 C 507, 1991 WL 65928, at *1 (N.D.Ill.
6    1991) (awarding $6,922.25 in fees and costs where the plaintiff had
7    obtained a judgment for $921.50); *see Fegley v. Higgins,* 19 F.3d 1126,
8    1134-1135 (6th Cir.1994) (affirming award of $7,680 in overtime
9    compensation and $40,000 in attorneys' fees); *Cox v. Brookshire*
10   *Grocery Co.,* 919 F.2d 354, 358 (5th Cir.1990) (affirming an award of
11   $1,181 in overtime compensation and $9,250 in attorneys' fees);
12   *Bonnette v. Cal. Health & Welfare,* 704 F.2d 1465, 1473 (9th Cir.1983)
13   (affirming award of $18,455 in damages and $100,000 in attorneys'
14   fees)."

15   *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955-956 (E.D.Wis. 2003).  *Cf.: Cho*
16   *v. Koam Medical Services, P.C.,* 524 F.Supp.2d 202, 210-211 (E.D.N.Y. 2007).  ("If
17   a plaintiff achieves only limited success, the lodestar amount may be excessive. In this
18   case, plaintiffs were successful on all their wage-and-hour claims and thus are entitled
19   to compensation based upon the full lodestar amount.")  *Cf.: Garcia v. Resurgent*
20   *Capital Services, L.P.,* 2012 WL 3778852, *10 (N.D.Cal. 2012).   (Awarding
21   $187,292.25 in attorneys' fees after the parties settled the underlying claim for
22   $50,000.00, leaving the amount of the fee award for determination by the court.)

23       The public interest in enforcement of the FLSA is of great magnitude.
24   Although the private right of action created by the FLSA, "... is compensatory, it is
25   nevertheless an enforcement provision ...", designed to further the purposes of the Act.
26   *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 709; 65 S.Ct. 895, 903; 89 L.Ed.
27   1296 (1945).  "Congress ... permitted individual employees to ... receive reasonable

28

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF**
**ATTORNEYS' FEES – PAGE 13**

attorney's fees ...", as part of a statutory schema designed, "[t]o encourage employees to enforce their FLSA rights in court, and thus to further the public policies underlying the FLSA." *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 740 n.16; 101 S.Ct. 1437, 1444 n.16; 67 L.Ed.2d 641 (1981).

As noted above, Defendant had complete control over the timing of its offer of judgment, and could have made it at any time in these proceedings. (*See,* Note 4, *supra.*)   It was Defendant's prerogative to wait until two months prior to commencement of trial to issue its offer of judgment.  The duration of this litigation, and the amount of the fees incurred by Plaintiff, were both, therefore, within the control of Defendant.

The results obtained are excellent.  Defendant retained a highly-qualified expert, who opined that, assuming the jury were to have accepted the truth of Ms. Rosales' deposition testimony, she could have been owed only $22,148.21 if the two-year limitations period applied, and only $32,356.34 if the three-year limitations period applied.  (*See,* Paragraphs 5-6 of the Declaration of Dr. Elaine Reardon, reproduced at Exhibit "B" to Gallo Declaration, and authenticated at Paragraph 21 of the Gallo Declaration.)  Defendant has always taken the position that Plaintiff should have been awarded prejudgment interest, rather than the 100% liquidated damages available under the FLSA.  (*See, ex rel.,* Defendant's Memorandum of Contentions of Fact and Law, filed 24 September 2012, as Document 46, at 9:10-26; *see also, ex rel.,* Paragraph 6, at Page 4, of Declaration of Dr. Elaine Reardon, Exhibit "B" to Gallo Declaration.)  Thus, assuming the correctness of Defendant's position, the $65,000.00 base amount of the judgment recovered is approximately three times the amount Plaintiff could have recovered if the two-year limitations period applied, and just over double the amount Plaintiff could have recovered if the three-year limitations period applied.  Even if Plaintiff could have established the factual basis for application of the three-year limitations period, and even if Plaintiff were held entitled

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES – PAGE 14**

to the 100% "liquidated damages" penalty, and assuming the jury were to have accepted the truth of Plaintiff's testimony as to the number of unauthorized overtime hours that she worked, and assuming the jury were to have found that Defendant knew or should have known that those particular unauthorized overtime hours were worked, then the total amount which Plaintiff could have recovered would still have been less than the $65,000.00 base amount of the judgment recovered (*i.e.,* $32,356.34 overtime compensation + $32,356.34 "liquidated damages" = $64,712.68; $64,712.68 < $65,000.00).

### 9    Experience, reputation, and ability of the attorneys.

Plaintiff's counsel have a great deal of experience, and have demonstrated a high degree of competence over substantial periods of time. (*See,* Gallo Declaration, at ¶¶ 5-13; *see also,* Papaefthimiou Declaration, at ¶¶ 3-10; *see also,* Richmond Declaration, at ¶¶ 3-10.)

As noted above, Plaintiff's counsel, Mr. Gallo, is one of the only approximately one hundred (100) attorneys designated by the State Bar of California as a Legal Specialist in Civil Trial Advocacy (out of more than 174,000 active members). (*See,* Gallo Declaration, at ¶ 8.)   Also as noted above, Plaintiff's counsel, Ms. Richmond, has successfully represented plaintiffs in more than twenty (20) FLSA actions.  (*See,* Richmond Declaration, at ¶ 7.)

Both Mr. Gallo and Ms. Richmond have dedicated a substantial portion of their respective practices to the prosecution of civil actions against employers who fail to comply with state and federal overtime laws.  (*See,* Gallo Declaration, at ¶ 11; *see also,* Richmond Declaration, at ¶ 10.)

Both Mr. Gallo and Ms. Richmond are informed and believe they are very highly regarded by those members of the bench and the bar who have observed them in practice.  (*See,* Gallo Declaration, at ¶ 18; *see, also,* Richmond Declaration, at ¶

1  16.)

2

3  **10.  The "undesirability" of the case.**

4  The "undesirability" criterion is not applicable to the current action.  Plaintiff

5  would note that, in *Van Gerwin, supra,* the panel observed that a prior Ninth Circuit

6  panel had suggested that the Supreme Court's decision in *City of Burlington v. Dague,*

7  *supra,* "... casts doubt on the relevance of 'undesirability' to the fee calculation." *See,*

8  *Van Gerwin,* 214 F.3d, at 1045, n.2.

9

10  **11.  Nature and length of the professional relationship with the client.**

11  Plaintiff's counsel had no professional relationship with Plaintiff prior to representing

12  her herein. (*See,* Gallo Declaration, at ¶ 19; *see, also,* Richmond Declaration, at ¶ 17.)

13

14  **12.  Awards in similar cases.**

15  This Court may, and should, take judicial notice that the award requested in the

16  case at bar is consistent with awards in similar cases.

17  As noted above, the Supreme Court has, "... established a 'strong presumption'

18  that the lodestar represents the 'reasonable' fee ..." *City of Burlington v. Dague,*

19  *supra,* 505 U.S., at 562; 112 S.Ct., at 2641.  (Citation omitted.)  As shown above,

20  Plaintiff's counsel's hourly rates are at or below market rates charged by attorneys of

21  their skills and experience.  The services rendered were reasonably necessary to the

22  successful prosecution of this action to an excellent pre-trial settlement.

23

24  **B.  Fees Incurred in Relation to the Unsuccessful Motion**

25  Plaintiff shall now address Defendant's anticipated contention that Plaintiff

26  should not recover her fees incurred in relation to her unsuccessful *Hoffman-La Roche*

27  motion.

28

Notably, the FLSA reflects, "... Congress' intent that an FLSA claimant 'should receive his full wages plus the penalty without incurring **any** expense for legal fees or costs'." *Yue Zhou v. Wang's Restaurant,* 2007 WL 2298046, *1 (N.D.Cal. 2007), *quoting, Maddrix v. Dize,* 153 F.2d 274, 275-276 (4th Cir. 1946).  (Emphasis by Plaintiff.)

In the Ninth Circuit, fees incurred in relation to "losing stages" of litigation are recoverable, because even the "losing stage", "... constitutes a step toward victory."

> "We read *Hensley* [*supra*] as establishing the general rule that plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit.  Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims.  See [*Hensley*] at 435, 103 S.Ct. at 1940.  We analogize from *Hensley's* discussion of different claims to the different stages of litigation at issue here.  **Just as time spent on losing claims can contribute to the success of other claims, time spent on a losing stage of litigation contributes to success because it constitutes a step toward victory.**[]"

*Cabrales v. County of Los Angeles,* 935 F.2d 1050, 1052 (9th Cir. 1991).  (Emphasis added.)  In the case at bar, while Plaintiff did not prevail on one procedural motion, it was a step toward Plaintiff's ultimate victory, and the time spent thereon is therefore fully compensable.

Even if this Court were to decline to apply *Cabrales,* only the actual preparation and argument of Plaintiff's *Hoffman-La Roche* motion, itself, can be deemed to have been performed in relation to any matter on which Plaintiff did not prevail herein.  This Court announced its decision to deny Plaintiff's *Hoffman-La Roche* motion at a hearing conducted on 5 March 2012.  (*See, ex rel.,* order entered 16 March 2012, as Docket Entry No. 38.)  The only deposition which Plaintiff took prior to 5 March

2012 was the deposition of Plaintiff's own supervisor, Ms. Ruth Wright.  This obviously would have been necessary even if Plaintiff had never intended to file a *Hoffman-La Roche* motion.  The only other depositions in this case which occurred prior to 5 March 2012 were the deposition of Plaintiff, herself, and the deposition of a Mr. Justo Avilla, another Supervisory Social Worker who worked in Defendant's Pomona Office (in which Plaintiff had worked).  These depositions were noticed and taken by Defendant, and also would have been necessary even if Plaintiff had never intended to file a *Hoffman-La Roche* motion.  Evidence adduced at each of these depositions was relevant to Plaintiff's own claim, including whether the FLSA violations were willful, whether Defendant had a "good faith" defense to Plaintiff's claim for statutory liquidated damages, and (most importantly) whether Defendant knew, or in the exercise of reasonable diligence, could have discovered, that Plaintiff was working the unauthorized overtime hours that she worked.

The deposition of Plaintiff's immediate supervisor (Ms. Ruth Wright) was of critical importance, because it established both that Plaintiff was working the overtime that she claimed to have worked, and also because it established that Defendant's highest level of management was on notice that Plaintiff was working "unauthorized overtime".  The latter is highly relevant to the question of liability,[5] including the question whether the FLSA violations were willful, such that the three-year (as opposed to the two-year) limitations period would be applicable to this case.[6]

Although Plaintiff is of the view that this Court should not deduct for hours expended in the preparation and argument of Plaintiff's *Hoffman-La Roche* motion, Plaintiff's undersigned counsel has endeavored to isolate these hours for the

---

[5]     *Cf.:* Defendant's Memorandum of Contentions of Fact and Law, filed 24 September 2012, as Document 46, at 5:10-21.

[6]     *Cf.:* Defendant's Memorandum of Contentions of Fact and Law, filed 24 September 2012, as Document 46, at 8:14-28.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES – PAGE 18**

convenience of the Court and Defendant's counsel.  Mr. Gallo expended 49.50 hours on these matters during the period commencing 26 January 2012, and concluding 5 March 2012.  (*See, ex rel.,* Gallo Declaration, at ¶ 22.)  Mr. Papaefthimiou expended 31.0 hours on these matters during the period commencing 25 January 2012, and concluding 19 February 2012.   (*See, ex rel.,* Exhibit "A" to Papaefthimiou Declaration.)[7] Ms. Richmond expended 13.5 hours on these matters during the period commencing 20 February 2012, and concluding 17 March 2012.  (*See, ex rel.,* Exhibit "B" to Richmond Declaration.)  Accordingly, the deductions the Court would make if the Court were to conclude that Plaintiff should ***not*** recover her fees expended in the unsuccessful motion would total **$46,065.00**, calculated as follows:

| | | | |
|---|---|---|---|
| Gallo: | 49.50 hours @ | $495 = | $24,502.50 |
| Richmond: | 13.50 hours @ | $450 = | $ 6,075.00 |
| Papaefthimiou: | 31.00 hours @ | $425 = | $13,175.00 |
| Paralegals: | 12.50 hours @ | $185 = | $ 2,312.50 |

**Total potential deduction:**                    **$46,065.00**

For the reasons stated above, however, this Court should make no deduction for the time expended in relation to the unsuccessful *Hoffman-La Roche* motion.

///
///
///
///
///

---

[7]      This is the total of all hours reported in Mr. Papaefthimiou's billing entries dated 25 and 31 January 2012, and dated 2, 4, 5, 17, 18, and 19, February 2012.  This analysis ignores an apparent mention of Plaintiff's *Hoffman-La Roche* motion on 17 January 2012, but this is offset by the fact that the billing entry of 31 January 2012 (included in this calculation) includes an item not related to Plaintiff's *Hoffman-La Roche* motion.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES – PAGE 19**

## CONCLUSION

WHEREFORE, the Court is requested to award attorneys' fees in the sum of $214,825.75, and to make such award by post-judgment order, by supplemental judgment, or by alteration of amendment of the judgment entered 2 October 2012.

ALTERNATIVELY, if this Court concludes that services performed in connection with Plaintiff's unsuccessful *Hoffman-La Roche* motion are not compensable, Plaintiff requests that the amount of the award be $168,760.75 (*i.e.,* $214,825.75 minus $46,065.00 equals $168,760.75).

Dated: 8 October 2012                    Respectfully submitted,

DAVID J. GALLO
**LAW OFFICES OF DAVID J. GALLO**
12702 VIA CORTINA, SUITE 500
DEL MAR, CALIFORNIA 92014-3769
Telephone: (858) 509-3652


_____/s/ David J. Gallo_____
By:    David J. Gallo,
         California Bar No. 127722
         Attorney for Plaintiff, MARY
         ROSALES, individually, and on behalf
         of all others similarly situated

[CLA2-MPA_FEES_main.wpd]

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES – PAGE 20**

1

## CERTIFICATE OF ELECTRONIC SERVICE

2   I, DAVID J. GALLO, hereby certify that, upon electronic filing hereof, I have

3   effected electronic service of the preceding document upon all parties who have

4   appeared in the above-captioned civil action, in the manner authorized by L.R. 5-3.3.

5

6                             /s/ David J. Gallo
                             DAVID J. GALLO

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   [CLA2-MPA_FEES_main.wpd]

28

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES – PAGE 21**